## CHUNG FON KWONG et al. v. TILLINGHAST, Commissioner of Immigration. *

District Court, D. Massachusetts.   April 2, 1929.

Everett F. Damon, of Boston, Mass., for petitioners.

Frederick H. Tarr, U. S. Atty., and John W. Schenck, Asst. U. S. Atty., both of Boston, Mass., for commissioner.

MORTON, District Judge.   The question is whether it is so clear that these petitioners are the three Chinese boys who were born in Philadelphia, and whose birth records there were produced before the immigration tribunals, that the refusal to accept the evidence in their favor was unreasonable and arbitrary.   It is a matter of identification, involving a question of citizenship.

*Decision affirmed, see 35 F.(2d) 1016.

On their own stories the petitioners were born in this country, were taken to China when they were aged eight years, six years, and four years old, respectively, and have since lived there. None remembers anything, practically speaking, about his surroundings or life here. The immigration tribunals thought this ignorance irreconcilable with the claim. How far, under such circumstances, these children would notice and remember their Philadelphia experiences, is a difficult question. It is to be remembered that they were Chinese, who naturally would not have mingled freely with children of other nationalities. The oldest would ordinarily have been two or three years at school. One would not expect him to recall certain details about which he was examined. On the other hand one would expect him to know whether there were street cars on the street on which he lived, and some other facts about which he professed ignorance, and which it seems probable that a child would remember.

Wing, the second in age, who was six years old when he left Philadelphia, does not remember whether his mother was then living or dead. With reference to his alleged father he testified: "He is in Philadelphia. I do not know his occupation; I do not know what he is doing there." "Chung Toy told me that he was not working." Shortly afterwards, in response to the question "How is it that your father is not working?" he answered, "My father is dead." "Q. Why did you not say so before? A. You did not ask me. Q. Where and when did your father die? A. He died in 1924 in Philadelphia." In 1924 this witness was on his own statement 16 years old. He says that his alleged father's remains were shipped to China, but "I do not know when, because I was too little;" "at that time I was six years old;" that he and his two brothers cut the grass around the grave and worshipped there; that this happened before 1924. At one time he testified that his father was buried at Mee Lee Yee Slong, and at another at Lung Deung Hong Hill. When this was called to his attention, he had no explanation to make. He stated explicitly that he had never seen either of his parental grandparents; but shortly afterwards he reiterated a previous statement that his parental grandfather accompanied him to China, adding that he never saw him afterwards. Wing's testimony is far from convincing. A conclusion that it was too doubtful to accept would certainly not be unreasonable:

The testimony of the oldest and youngest applicants shows many indications of a common viewpoint, which are not found in that of Wing, and as a whole is much more consistent and persuasive; but it is greatly weakened by their assertions that Wing is their brother. Of the supporting witnesses, one might fairly be viewed with great suspicion; the other stands unimpeached, and his testimony contains no important discrepancies. He says that he knew the petitioners well as children in Philadelphia before they left this country. It is not easy to check or to disprove such a statement.

In regarding the testimony of the applicants themselves as the decisive factor, it does not seem to me that the immigration tribunals acted unreasonably, and I do not think that the facts are by any means so clearly and obviously in favor of the applicants as to warrant holding the immigration tribunals arbitrary and unfair because their claim was denied. It is not impossible that the oldest and youngest are the persons that they claim to be and have associated themselves with an imposter; but this is a mere conjecture, which the immigration tribunals were certainly not bound to accept.

Petition denied.